UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALVIN WILSON,
      Plaintiff,

v.                                    CASE NO. 3:13-cv-230(VLB)

GREAT AMERICAN
INSURANCE GROUP, ET AL.
      Defendant.

ORDER

The plaintiff, currently incarcerated at Corrigan Correctional Institution in Uncasville, Connecticut ("Corrigan"), has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff names as defendants the Great American Insurance Group, the Town of Windsor, Connecticut, State of Connecticut Department of Administrative Services Commissioner Donald J. DeFronzo, Lieutenant Avery and Correctional Officer Dewaine.[1]

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing

---

[1] The Complaint does not contain the first names for Lieutenant Avery and

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Plaintiff appears to be bringing two completely unrelated causes of action in this one complaint. The first cause of action is directed at Great American Insurance Group, the Town of Windsor, and Commissioner DeFronzo. The second cause of action is directed at Lieutenant Avery and Correctional Officer Dewaine. As this opinion will later address in greater detail, plaintiff cannot maintain these two completely unrelated causes of action in one single lawsuit. The Court will first address the cause of action directed at the Great American Insurance Group, et al.

The court has carefully reviewed the complaint and finds it difficult to discern the claims that the plaintiff seeks to assert against defendants Great American

---

Correctional Officer Dewaine.

Insurance Group, the Town of Windsor and Commissioner DeFronzo. The plaintiff makes reference to a house fire that occurred in January 1998 that caused the death of his two minor-child daughters and alleges that the Town of Windsor's housing inspector failed to address faulty electrical wiring and faulty smoke detectors in the house. He asserts that the Great American Insurance Group provided general liability insurance to the Town of Windsor at the time and that he filed a claim with the Connecticut Office of the Claims Commissioner, and that Great American Insurance Group is trying to deny liability. To the extent that the Court can discern claims in the plaintiff's complaint, they appear to be: 1) a claim that $31,991.31 was wrongfully taken from plaintiff by the State of Connecticut Department of Administrative Services in violation of the Eighth and Fourteenth Amendments; and 2) damages for emotional distress and punitive damages arising from the death of his two minor child daughters in a fire in January 1998.

Plaintiff's description of the allegations refers to a case previously filed in this Court, *Wilson v. State of Connecticut Department of Administrative Services*, No. 3:06-cv-01767-PCD (D. Conn. filed Nov. 3, 2006) (referred to hereinafter as "*Admin. Servs.*"). This case was dismissed on September 17, 2009, pursuant to District of Connecticut Local Rule 41(a), which allows the Clerk to dismiss a case in which no action has been taken by the parties for six months, twenty days after notice is given to the plaintiff. Judgment, *Wilson v. Conn. Dep't of Admin. Servs.*, No. 3:06-cv-01767-PCD (D. Conn. Sept. 17, 2009), ECF No. 11. Notice was given on August 26, 2009, and the case was subsequently dismissed. The complaint in *Admin Servs.* alleged that plaintiff was notified in June 2002 by the Windsor probate court that he

had received an inheritance of $65,815.84 from his deceased children's estate, and that his due process rights were violated when the probate court refused to order the Department of Corrections to transport him to the probate court to attend a June 27, 2002 hearing. Plaintiff further alleged in *Admin. Servs.* that at the June 27, 2002 probate court hearing the State of Connecticut Department of Administrative Services was wrongfully awarded $32,902.91 of that inheritance to cover the cost of plaintiff's incarceration. Plaintiff alleged that he was wrongfully incarcerated and therefore the cost of his incarceration should not have been withdrawn from his inheritance.

Reviewing both the *Admin Servs.* complaint and the instant complaint together it is apparent that these allegations relate to events that occurred many years ago, and as a result are barred by any applicable statute of limitations. To the extent that plaintiff seeks to assert a claim arising from the fire that killed his daughters, that claim arose in January 1998, nearly sixteen years ago. To the extent that he seeks to bring a claim relating to the deduction of his inheritance to cover the cost of incarceration, that claim arose in June 2002, nearly 12 years ago. If the claims are barred by the applicable statutes of limitations, the case fails to state a claim upon which relief may be granted, and the claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[2] Plaintiff must show cause within twenty-eight (28) days

---

[2]The court will not construe the complaint as a diversity action raising state law claims because the plaintiff has provided no information suggesting that diversity of citizenship exists between himself and the defendants, at least four of whom appear to be citizens of Connecticut. *See* 28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states . . . .") A person's citizenship for

of this order why such claims are not barred by the applicable limitations periods. If he fails to show cause, the claims will be dismissed. The Court will now address the second cause of action in plaintiff's Complaint.

In his second cause of action, plaintiff asserts that he was incarcerated at Corrigan and received a disciplinary report. Plaintiff alleges that Correctional Officer Dewaine was escorting the plaintiff to the restrictive housing unit when he suddenly tripped the plaintiff and threw the plaintiff to the floor of the hallway. Plaintiff further alleges that Lieutenant Avery and Officer Dewaine beat the plaintiff in the head as he lay on the floor in handcuffs, and that he sustained serious injuries.

The allegations in the second cause of action also refer to a previous case filed by plaintiff in this Court. *See Wilson v. LaJoie, et al.*, No. 3:06-cv-00954-WWE (D. Conn. filed June 20, 2006). In *LaJoie*, the named defendants were Warden Michael LaJoie, Correctional Officers John Wings and "P. Benoit," and Lieutenant John Avery, all of whom were allegedly employed at Corrigan at the time. In *LaJoie*, the plaintiff alleged that on January 18, 2006, at Corrigan, Correctional Officer Benoit gave him a false disciplinary report, and Lieutenant Avery handcuffed him behind his back. Plaintiff further alleged that as they escorted him to the restrictive

---

purposes of diversity jurisdiction is his domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In determining the domicile of a prisoner, courts have held that the domicile of a prisoner before he was imprisoned is presumed to remain his domicile while he is in prison. *See Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) (citations omitted), *cert. denied*, 513 U.S. 1060 (1994). *See also Poucher v. Intercounty Applicance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y.2004) (a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile.

housing unit, Officer Wings assaulted him.  When he reached the restrictive housing unit, Lieutenant Avery and Officer Wings both assaulted him as he lay on the floor.  The case was dismissed without prejudice on July 22, 2008 for failure to prosecute.  Judgment, *Wilson v. Lajoie, et al.*, No. 3:06-cv-00954-WWE (D. Conn. July 22, 2008), ECF No. 16.   Although the plaintiff does not provide a date for the incident alleged in the instant complaint, and the parties do not overlap entirely, plaintiff appears to be attempting to re-allege the claims in the 2006 action.  Plaintiff has named one new defendant, Correctional Officer Dewaine, and only one of the original defendants, Lieutenant Avery.

The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years.  See *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983).   If the alleged conduct by defendants Avery and Dewaine occurred in 2006, the claims against them would be barred by the statute of limitations.  Plaintiff must show cause within twenty-eight (28) days of this order why such claims are not barred by the applicable limitations periods.  Failure to show cause will result in the dismissal of this cause of action.

Finally, even if plaintiff were able to assert this claim against the corrections officers, a claim based entirely on facts unrelated to the claims arising from the deaths of his daughters, plaintiff would be required to file the claims against the corrections officers in a separate lawsuit.  See Fed. R. Civ. P. 20(a)(2) (allowing

---

Instead, the prisoner retains his pre-incarceration domicile).

joinder of defendants where the right to relief "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action.").

## ORDERS

The court enters the following orders:

Plaintiff is ORDERED to show cause why the claims against all defendants are not barred by the statute of limitations.  The plaintiff shall file his response to this order within twenty-eight (28) days.  Failure to respond to this order within the time specified will result in dismissal of the complaint as to all defendants.  If plaintiff responds satisfactorily to this order to show cause, the claims against the corrections officers will be severed, and plaintiff will be required to assert those claims in a separate lawsuit.

SO ORDERED this 23rd day of January 2014, at Hartford, Connecticut.

_____/s/_____
VANESSA L. BYRANT
UNITED STATES DISTRICT JUDGE